## ETHAN A. MASON *vs.* WILLIAM BRIDGE.

Where a written contract to find materials and build a stone dam stipulated, that "it is mutually agreed between the parties, that all the work and materials shall be inspected by a third person, and made to correspond with the decision of such person in all respects, whose decision shall be final between the parties," such third person has no power to give a legal construction of what the contract requires of the parties, but merely to determine the differences, which relate to the workmanship, and to the fitness and quality of the materials proposed to be used.

Where the contract provides, that "the wall is to be laid on timber, and projected into the bank fifteen feet," and the slope of the bank, whereon it was to be built, is upon an angle of forty-five degrees, the contract is complied with by projecting the wall into the bank fifteen feet on the average.

If the contract states, that the dam shall be built "of the same height, thickness, and quality of work, as the old dam now standing," and the old dam had never been finished, and the front part only had been raised to the intended height; a fair construction of the contract requires, that the new dam shall be made as high as the front of the old one.

ASSUMPSIT for labor and materials on the defendant's dam across *Bridge's* brook. The parties had made a written contract in relation to the building of the dam, and while the work was proceeding, they differed in their construction of the contract, and agreed, that the work should be completed in the manner contended for by the defendant, and that if the contract did not require it, he would pay for all the additional work. The trial was before *Weston C. J.* and the jury returned a verdict for the plaintiff, and on one point in opposition to the instruction of the Chief Justice upon the law. The facts in the case, and the questions raised at the trial, sufficiently appear in the opinion of the Court.

The case was argued by *D. Williams,* for the defendant, and by *Vose,* for the plaintiff, who cited *Stackpole* v. *Arnold,* 11 *Mass.*

*R.* 27; *Tucker* v. *Maxwell, ib.* 143; *Johnson* v. *Johnson, ib.* 359; *Wilkinson* v. *Scott,* 17 *Mass. R.* 249; *King* v. *Inhabitants of Scammonden,* 3 *T. R.* 474; *Kyd on Awards,* 140, 73; *Towne* v. *Jaquith,* 6 *Mass. R.* 46.

The case was continued, *nisi,* and the opinion of the Court afterwards prepared by

SHEPLEY J. — The plaintiff contracted, under seal, with the defendant, to build a stone dam across *Bridge's* brook, which was afterwards built ; and that contract was settled. The present action is for work, and labor, and materials found for the same dam ; and the plaintiff alleges, that the labor and materials now sued for were not required by the written contract to be furnished. To ascertain what portion of this work did not come within the contract, it becomes necessary to decide upon the true construction of it. The first difference arose respecting the powers of a third person, to whom, by the contract, certain matters were referred. The defendant contended, that he was to decide all differences between them, as well what the contract required of each of them, as other points of difference. While the plaintiff contended, that he was only to decide upon the workmanship and the materials. The language of the contract is, " and it is mutually agreed between the parties, that all the work and materials shall be inspected by a third person, and made to correspond with the decision of such person as may be selected, in all respects, whose decision shall be final between the parties." It was the work and materials, which were to be inspected, and were to be made to correspond with the decision. There is no intention exhibited of giving him any power to determine other differences than those which related to the workmanship, and to the fitness and quality of the materials proposed to be used. He cannot decide upon matters not expressly referred to him. What a legal construction of the contract required of the parties, not having been submitted to him, the law, and not the arbitrator, must decide.

Another clause of the contract upon which a difference arises, reads, " the wall to be laid on timber and projected into the bank fifteen feet." The case finds, that " the slope of the bank was upon an angle of forty-five degrees, and it was ascertained, that

the end of the dam being made plumb would enter the bank eleven feet more at the bottom than at the top ; and therefore, if it entered at the top nine feet and a half, it would, upon an average, be projected into the bank fifteen feet." , The plaintiff contended, that this was all, that the contract in this particular required of him ; while the defendant insisted, that the dam was to be so constructed as to extend into the bank fifteen feet, measuring at the top of the bank ; which would make it necessary to extend it into the bank twenty-six feet at the bottom.

The dam was constructed as the defendant desired, subject to the right of the plaintiff to claim compensation for the difference, if he was not by the contract obliged thus to build it. It is not contended, that the dam should have been so built as to slope in conformity to the bank. If the bank adjoining the stream had been perpendicular, there could have been no doubt respecting what the contract required. The cubic feet of earth to be removed, and of wall to be erected would have been made certain. It cannot be supposed, that the parties entered into the contract without some estimate in their own minds, of the labor to be performed in removing the earth and laying up the stones. The peculiar angle of the bank should require neither more nor less labor to be performed, unless there is some evidence in the contract, that such was the intention. The contract contains no such intimation ; and in the absence of it, the construction should be such, as would exact the same amount of labor and materials, whatever might be the angle of the bank. The peculiar formation of the bank can make no difference in the legal construction of the contract. There can be no difficulty in ascertaining by testimony how many feet of wall the plaintiff has built, beyond what this construction of the contract would require, and for that, and any other labor occasioned by it, he would be entitled to recover a reasonable compensation. And this is understood to have been in substance the instruction given.

Another subject of difference had reference to the manner in which the dam should be constructed near the top of it. The terms of the contract in relation to this subject were, that the dam should be built " of the same height, thickness, and quality of work as the old dam now standing." The case finds, that " about two feet in height, of the upper part of the old dam, had only the front

stones laid up ; and when the plaintiff had carried up the new one in the same manner, he stopped and insisted, that he had done what his contract required." The defendant contended, that the wall was to be carried up, as high as the top of the old dam, of an uniform thickness. The plaintiff did so finish it, and claims pay for it, as not being required by the contract. The only testimony in the case, respecting the condition of the top of the old dam, states, that it was " manifestly left unfinished ;" and such must be taken to be its true condition, as presented to the eye.

The intention of the parties is to be ascertained from the language, which they use, and is to be carried into effect. What could have been the design in referring to the thickness and height of the old dam ? Was it to give a general outline of the dimensions, or was it intended to require an exact conformity in all respects to it ? If the latter is the true construction, the plaintiff would have been obliged so to construct it as to present precisely the same thickness in the new as in the old one, in each particular part of it ; and if the old one presented an uneven surface, whether occasioned by time, accident, or formation of the stones, the new one must conform to it.

So, if one or more stones had fallen out, or had been omitted in building, no matter in what part of the old dam, the plaintiff, upon this construction might have left the same defects in the new one. Can it make any difference whether the defects were at the top, or in any other part of the dam ? Could the plaintiff have intended to be bound by his contract to make a *fac simile* of the old dam ? Or did he understand the intention to be, that he should build a new and " good substantial stone dam," and present it to the eye of every beholder " manifestly left unfinished" ? The construction contended for by the plaintiff is quite too absurd to admit of its being regarded as the true one. A rational and practical execution of the contract rejects it, and adopts the former construction as the true one. The plaintiff is not entitled to recover for this part of his claim, as a proper execution of the contract required the performance of this service.

*The verdict is set aside, and a new trial granted.*